CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 5 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:97CR00082-003 |
| v. | ) | MEMORANDUM OPINION |
| ALEX WILLIAM JACKSON. | ) | By: James C. Turk |
| | ) | Senior United States District Judge |

By previous Notice, the court notified Defendant Alex William Jackson that he appeared to be eligible for a reduction of his sentence pursuant to Amendment 706 of the United States Sentencing Guidelines ("USSG") and that the court intended to reduce his sentence as to his drug offenses from 262 to 240 months. The government a response opposing any reduction. Defendant consulted the Federal Public Defender's office, and an assistant federal public defender filed a brief on Jackson's behalf, although the court had not appointed him to the case. In an abundance of caution, the court has nevertheless considered counsel's arguments that the court should not only grant a reduction to Jackson's sentence based on the retroactive amendment, but should also grant him a further reduction, below the amended guideline range and the statutory mandatory minimum of 240 months, under United States v. Booker, 543 U.S. 220 (2005) and its progeny. Although the court will grant defendant a reduction from his original sentence, pursuant to 18 U.S.C. § 3582(c)(2), the court finds that Booker and its progeny

1

are inapplicable to motions to reduce sentence under § 3582(c)(2)[1] and, therefore, denies defendant's request for a further reduction below the amended guideline range or the statutory mandatory minimum.

Jackson was convicted of one count of conspiracy to distribute cocaine base. Because of his prior felony drug conviction, he was subject to a mandatory minimum sentence of 240 months (twenty years) under 21 U.S.C. § 841(b)(1)(A) and § 851. At sentencing, the court found that Jackson's offense level was 38 and his criminal history category was II, giving him a guidelines range of 262 to 327 months. The court sentenced him at the bottom of that range. Under Amendment 706, Jackson's offense level is reduced to 36, giving him a new guidelines range of 210 to 262 months. Pursuant to USSG § 5G1.1(c)(2) and § 841(b)(1)(A), however, the statutory mandatory minimum of 240 months "trumps" the lower portion of Jackson's range and leaves the court with discretion to sentence him between 240 and 262 months.

---

[1] See United States v. Hudson, 242 F. App'x 16 (4th Cir. 2007) (it is not clear error or abuse of discretion to refuse to apply Booker to a sentence reduction under § 3582(c)(2)); United States v. Rolle, 163 F. App'x 245 (4th Cir. 2006) (unpublished) ("Rolle sought relief based on the Supreme Court's decision in [Booker]. The relief Rolle seeks is unavailable under § 3582(c)(2)."); United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) (defendant's contention that a § 3582(c) reduction was warranted under Booker was "roundly rejected."); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) ("Booker does not provide a basis for a sentence reduction under § 3582(c)."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions."); United States v. Sanchez, 140 F. App'x 409, 410 (3d Cir. 2005) (unpublished) ("[Section] 3582(c)(2) permits a reduction of sentence as a result of a subsequent amendment of the guidelines by the Sentencing Commission, not based on a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); Hayes v. United States, 141 F. App'x 463, 464 (7th Cir. 2005) (unpublished) ("18 U.S.C. § 3582(c)(2)[] authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); United States v. Privette, 129 F. App'x 897, 899 (5th Cir. 2005) ("Booker is inapplicable to review of the denial of Privette's § 3582(c)(2) motion. By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); but see United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007) (court found that limiting a § 3582(c)(2) sentencing reduction to the amount prescribed by the Sentencing Commission impermissibly applies the guidelines as mandatory in violation of Booker).

Jackson argues that since he was indicted for conspiracy to distribute an unspecified quantity of cocaine base and the jury did not find him responsible for a specific drug amount beyond a reasonable doubt, it would be unlawful under Apprendi v. New Jersey, 530 U.S. 466 (2000), to allow his reduced sentence to be controlled by a mandatory minimum sentence applicable only to defendants indicted or convicted by a jury of trafficking in 50 grams or more of cocaine base. See 21 U.S.C. § 841(b)(1)(A)(iii). He further argues that because Booker rendered the guidelines advisory, the limitations in § 1B1.10 are not binding, and the court has the discretion to reduce the sentence below the amended guideline range to reflect the fact that his indictment did not specify a drug amount. The court rejects these arguments.

Once the Sentencing Commission decreed that Amendment 706, reducing offense levels for crack cocaine offenses, would be retroactively applicable to cases final before the Amendment's November 1, 2007 effective date, the court had statutory authority under § 3582(c) to revisit the defendant's sentence in order to apply the Amendment. Pursuant to USSG § 1B1.10(b)(2), however, the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . ." unless the "original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing. . . ." Jackson's original term of imprisonment was not less than his guideline range.

The requirements set out in § 1B1.10 are made binding on the court by two statutes, 28 U.S.C. § 994(u) and § 3582(c). Section 994(u) states that the Sentencing Commission "shall specify in what circumstances and by what amounts the sentence of prisoners serving terms of

3

imprisonment for the offenses may be reduced." Section 3582(c) provides that, with limited exception, a district court may not modify a term of imprisonment once it has been imposed. The exception in § 3582(c)(2) provides that when the Sentencing Commission makes a guideline amendment retroactive, the court may reduce a term of imprisonment "*if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.*" (Emphasis added). Booker did not affect the validity of § 994 or § 3582 or relieve the court of its duty to abide by these statutes.

Consequently, neither Booker nor its progeny (including Apprendi) authorizes a district court to grant a sentence reduction beyond what is permitted in § 1B1.10. "A motion pursuant to § 3582(c)(2) 'is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting United States v. Tidewell, 178 F.3d 946, 949 (7th Cir. 1999)); see also USSG § 1B1.10(a)(3). Therefore, while the guidelines may be applied in a discretionary manner at an original sentencing pursuant to Booker, nothing in § 3582(c)(2) gives the court similar discretion to depart from USSG § 1B1.10 when issuing a sentence reduction under § 3582(c)(2). Accordingly, the court finds no authority under which it may reduce Jackson's term of imprisonment below the statutory mandatory minimum of 240 months.

The Clerk is directed to send a copy of this opinion and the accompanying order to the defendant at his current place of confinement and to counsel of record for the government.

ENTER: This 25th day of June, 2008.

*/s/ James C. Turk*
Senior United States District Judge

4